

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/13/2020

| | | |
|---|---|---|
| IN RE: § | | |
| STEPHEN MANLEY; dba CAPITAL § | CASE NO: 19-33976 | |
| ADVENTURES TRUCKING § | | |
|    Debtor § | | |
| § | CHAPTER 7 | |
| § | | |
| STEPHEN MANLEY § | | |
|    Plaintiff § | | |
| § | | |
| VS. § | ADVERSARY NO. 19-03577 | |
| § | | |
| TRELLIS COMPANY, *et al* § | | |
|    Defendants § | | |

**MEMORANDUM OPINION**

The debtor and plaintiff Stephen Manley (hereinafter "Manley") instituted his Chapter 7 proceeding on July 18, 2019. That same day he instituted this adversary proceeding seeking to discharge student loans pursuant to 11 U.S.C. § 523(a)(8). As evidenced by the bankruptcy schedules filed by Manley in his bankruptcy case his only debts are student loans, which he has estimated at $200,000.00. Between 2003 and 2012, Manley attended four colleges or universities obtaining an associate degree, a bachelor's degree and a Masters in Business Administration. Additionally, Manley briefly attended law school online at Concord Law School.

Jurisdiction is conferred on this court by 28 U.S.C. § 157(a). This is a core proceeding. The parties have entered into a Joint Pretrial Stipulation (ECF No. 112), which the Court adopts. Trial was held on February 13, 2020 and Manley was the only witness.

Section 523(a)(8) of the Bankruptcy Code prevents the discharge of student loan debt "unless excepting such debt from discharge . . . will impose an undue hardship on the debtor or

the debtor's dependents." 11 U.S.C. § 523(a)(8).

The Fifth Circuit in *U.S. Dep't. of Educ. v. Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003) adopted the Second Circuit's *Brunner* test for the "undue hardship" determination under 11 U.S.C. § 523(a)(8). *Id*. (citing *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987)).  Under *Gerhardt*, a debtor may discharge a student loan debt if the debtor establishes: (1) inability to maintain a minimal standard of living for himself/herself and dependents if forced to repay the loans; (2) additional circumstances indicating that the state of affairs is likely to exist for a significant period; and (3) good faith efforts to repay the loans. *Id*. at 91. The debtor bears the burden of proving all three elements by a preponderance of the evidence. *Id*.

The Court finds that Manley has failed in his burden of proof as to the second and third prongs of the *Brunner* test.  Manley is 44 years of age, holds an associate, bachelor's and master's degree and is in good health, with no infirmities.  He has previously been a truck driver and an insurance agent.  The Court sees no reason he cannot work both currently and in the future.  He appears in all aspects to be able to work despite testifying that he has been unemployed since 2015.  He does have five children, which obviously places a financial strain on his budget, however, this does not meet the "additional circumstances" prong of *Brunner*. Manley does not have "additional circumstances indicating that the state of affairs is likely to exist for a significant period."  To the contrary, Manley could immediately and substantially improve his financial condition by going to work, which he seems in all aspects capable of doing.  His age and health give him at least 20 plus years of potentially productive employment and wages.  The "additional circumstances" prong of the test requires the debtor to demonstrate that there are "circumstances that impacted on the debtor's future earning potential but which

[were] either not present when the debtor applied for the loans or [have] since been exacerbated." *Id*. at 92 (quoting *In re Roach*, 288 B.R. 437, 445 (Bankr. E.D. La. 2003)). This second prong is meant to be "a demanding requirement." *Id*. (quoting *In re Brightful,* 267 F.3d 324, 328 (3d Cir. 2001)). Manley has presented no evidence that there is any circumstance or condition beyond his control that demonstrates a total incapacity in the future to not be able to make payments on his student loan debt. Manley's current financial situation is temporary and could be immediately improved.

Manley does raise a potential defense that he is unable to find work and that he is subject to racial discrimination. The Court, however, discounts this testimony and finds that Manley is an unreliable witness. Manley is undoubtedly deeply convinced that he is the subject of racial discrimination, that the student loans he made are not enforceable, that he is not indebted to the defendants, that the accounting of these loans is inaccurate, and that his student loan debts are dischargeable. The Court does not doubt Manley's convictions; unfortunately, he offers no or little proof to support these allegations, which at times are farfetched, other than conclusory statements. Additionally, his memory when questioned is selective and his answers to questions at trial were often evasive. This leads the Court to question Manley's truth and veracity.

Manley has also failed in his proof of the third prong of the *Brunner* test. *Brunner* requires that the Court make a good faith analysis. The steps taken by the debtor to repay the student loans prior to bankruptcy are relevant to the good faith analysis. *In re Russ*, 365 B.R. 640, 646 (Bankr. N.D. Tex. 2007). The failure to attempt to renegotiate the terms of the student loans, to participate in an income contingent repayment plan, or request forbearance or deferment supports a finding of lack of good faith. *In re Pratt*, 375 B.R. 753; (Bankr. S.D. Tex. 2007), *Russ*, 365 B.R. at 646. Additionally, courts weigh the ratio of the student loan debt to the

debtor's total indebtedness as part of the good faith analysis. A high ratio of student loan debt to total indebtedness contributes to a finding of a lack of good faith. *Russ*, 365 B.R. 647 (holding that student loan debt "constituted 90.8% of the Debtor's total indebtedness on the Petition Date, which the Court finds further shows a lack of good faith") (citing *In re Alderete,* 412 F.3d 1200, 1206 (10th Cir. 2005) (98% ratio indicated a lack of good faith)).

Manley has made no payments on the student loan debts the subject of this adversary. Still further his current indebtedness consists wholly of the student loans. Additionally, he has made no attempts to participate in an income contingent repayment plan or renegotiate payment terms, which given his income and dependents, could have been extremely beneficial to him. Given these factors, the Court cannot conclude that Manley has met the third prong of the *Brunner* test.

Manley is indebted on loans that were either made under the Federal Family Education Loan Program ("FFELP") or the William D. Ford Direct Loan Program ("Direct Loans"). There is no credible evidence that Manley is not indebted as shown on the business record affidavits of the defendants. *See* Texas Guaranteed Student Loan Corporation Trial Ex. 1 and 2, United Department of Education Trial Ex. 1 and 2. Therefore, the defendants have met their initial burden as they must provide "the initial burden of proof that the debt is nondischargeable under § 523(a)(8)" in that the loan at issue is of the type described in that section. *In re Kelly*, 582 B.R. 905, 909 (Bankr. S.D. Tex. 2018). The loans at issue in this case are "an educational . . . loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution." 11 U.S.C. § 523(a)(8)(A)(i).

Accordingly, the Court finds that the student loans owed by the plaintiff, Stephen Manley to the defendants, United States Department of Education and Texas Guaranteed Student Loan

Corporation are not dischargeable.

A separate final judgment will issue.

SIGNED: 02/13/2020.

_____
Jeffrey P. Norman
United States Bankruptcy Judge